**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**ROSEVELT BEAL,**

        **Plaintiff,**

v.                                             **5:16-CV-0666 (BKS/ATB)**

**SUNY CORTLAND,** *et al,*

        **Defendants.**

---

**APPEARANCES:**

Rosevelt Beal
Plaintiff, *pro se*
Odum, GA 31555

**Hon. Brenda K. Sannes, United States District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

On June 13, 2016, Plaintiff Rosevelt Beal filed this action against the State University of New York ("SUNY) Cortland, SUNY Binghamton, the SUNY Chancellor's Office and the "Office of Civil Rights," alleging that the Defendants discriminated against him because of his race and retaliated against him, in violation of the United States Constitution and a number of statutes including Title IX of the Education Amendments of 1972. Dkt. No. 1. This matter was referred to United States Magistrate Judge Andrew T. Baxter who, on June 21, 2016, issued an Order and Report-Recommendation recommending that the complaint be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Dkt. No. 4. Magistrate Judge Baxter advised the Plaintiff that under 28 U.S.C. § 636(b)(1) and Local Rule

72.1(c), he had fourteen days within which to file written objections to the Report-Recommendation and that the failure to object within fourteen days would preclude appellate review. Dkt. No. 4, pp. 16-17. Plaintiff filed objections to the Report-Recommendation on July 5, 2016. Dkt. No. 6.

## II. Standard of Review

This Court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

## III. Discussion

In the Report-Recommendation, Magistrate Judge Baxter noted that Plaintiff's claims against SUNY Cortland and SUNY Binghamton accrued in 1998 and 2000, respectively; that the three-year statute of limitations has "long since expired"; and that "there appears to be no tolling equitable or otherwise that would change this finding." Dkt. No. 4, pp. 9, 12. Magistrate Judge Baxter further determined that there is no private cause of action against the Department of Education Office of Civil Rights for its finding of no discrimination and that Plaintiff has no basis for a claim against the SUNY Chancellor. Dkt. No. 4, pp. 13-14. Magistrate Judge Baxter therefore recommended that the complaint be dismissed with prejudice. Dkt. No. 4, p. 16. The Court has carefully reviewed Plaintiff's objections to the Report-Recommendation. To the extent that Plaintiff has specifically objected to Magistrate Judge Baxter's recommendations, the

Court has conducted a *de novo* review and found no error. The Court has reviewed for clear error the remaining portions of the Report-Recommendation to which Plaintiff has not objected and found none. Accordingly, it is hereby

**ORDERED** that the Report and Recommendation (Dkt. No. 4) is **ADOPTED** in its entirety for the reasons stated therein; and it is further

**ORDERED** that the complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Decision and Order on the Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 25, 2016

Brenda K. Sannes
U.S. District Judge